UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| VICTOR JAVIER JIMENEZ-LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:10-cv-0342-JMS-MJD |
| | ) | |
| WARDEN LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

"[U]nless both subject-matter and personal jurisdiction have been established, a district court must dismiss the suit without addressing the substance of the plaintiff's claim." *Kromrey v. U.S. Dept. of Justice*, 423 Fed. Appx. 624, 626, 2011 WL 2419879, 1 (7th Cir. 2011).

In this case, the petitioner is confined in this District serving the executed portion of a federal sentence and faces an order of removal issued in December 2008. The court has personal jurisdiction over the habeas petitioner's custodian and over the petitioner himself, but Congress has scuttled the court's jurisdiction over an effort to solely attack an order of removal issued by immigration authorities such as the petitioner seeks here. It did so through the passage of 8 U.S.C. § 1252(a)(5), which provides that, notwithstanding 28 U.S.C. § 2241 or any other law or habeas corpus provision, and with inapplicable exceptions, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the INA]," and through the passage of 8 U.S.C. § 1252(b)(9), which provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section. . . . [N]o court shall have jurisdiction, by habeas corpus under [28 U.S.C. § 2241] or any other habeas corpus provision . . . to review such an order or such questions of law or fact." As a result of

these statutes, only a federal court of appeals might possess subject-matter jurisdiction to review the correctness of a removal order. *See Alexandre v. United States Atty. Gen.,* 452 F.3d 1204, 1206 (11th Cir. 2006); *see also, e.g., Muka v. Baker,* 559 F.3d 480, 484-85 (6th Cir. 2009) (collecting cases).

A court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.). If the court lacks jurisdiction over a case, its only proper course is to note the absence of jurisdiction and dismiss the case on that ground. *Steel Co. v. Citizens for a Better Environment,* 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998). For the reasons explained above, that is the step which must be taken here.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  06/14/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Craig A Defoe**
**U.S. DEPARTMENT OF JUSTICE**
**craig.defoe@usdoj.gov**

**Victor Javier Jimenez-Lopez**
**No. 42912-279**
**Terre Haute - FCI**
**Inmate Mail/Parcels**
**P.O. Box 33**
**Terre Haute, IN 47808**